IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Plaintiff, | ) | **8:12CR425** |
| | ) | |
| V. | ) | |
| | ) | |
| **JOSEPH BUTTERCASE,** | ) | **FINDINGS AND** |
| | ) | **RECOMMENDATION** |
| Defendant. | ) | |
| | ) | |

This matter is before the Court on Defendant's Motion to Suppress (filing 46). For the reasons explained below, the undersigned will recommend to Senior District Court Judge Joseph Bataillon that Defendant's motion be denied.

## BACKGROUND

On July 16, 2011, Tessa Fulton ("Fulton") contacted the Beatrice Police Department to report having been sexually and physically assaulted by Defendant while she was visiting Defendant's residence. Investigator Erin Bryne ("Bryne") of the Beatrice Police Department was assigned to investigate Fulton's report. After speaking with Fulton, Bryne prepared an affidavit for a search warrant for Defendant's house and car. The judge approved the warrant.

Bryne executed the warrant on the residence on July 16, 2011. During the search of the home, Bryne seized a camcorder that had been on a tripod pointed at a bed. At that time, Bryne believed there may have been a missing memory card from the camcorder.

After executing the warrant on the residence, Bryne spoke with Fulton again. Fulton advised Bryne that Defendant left the residence at the same time she left. When Bryne asked Fulton about the camcorder, Fulton stated that she did not know if it was on at the time of the assault, but that Defendant had recorded sexual acts involving the two of them on previous occasions. Fulton indicated that Defendant normally uploaded the recordings to a computer.

On or about July 18, 2011, Bryne began preparing a request for a search warrant for Defendant's photographs and computers. The warrant was executed on July 20, 2011.

On or about July 22, 2011, Bryne transported the desktop computer and external hard drive seized from Defendant's home to Beatrice Police Officer Jay Murphy ("Murphy"). Bryne asked Murphy to see if there were any recordings of sexual assault on the computer. Murphy used a program called Fast Scan to search the hard drive. Fast Scan picks out JPEGs of pictures and videos on a computer and categorizes them. Fast Scan automatically compares all photos or videos to a database of known child pornographic images. There is no way to turn off that feature. Fast Scan is the only program used by the Beatrice Police Department.

Child pornography was discovered on Defendant's hard drives through the Fast Scan search. On December 19, 2012, Defendant was indicted in this Court for (1) production/manufacture of child pornography; (2) transportation of child pornography and (3) possession of child pornography.

On April 18, 2014, Defendant filed a motion for hearing under *Franks v. Delaware*, 438 U.S. 154 (1978), asserting that the affidavit used to secure the warrant authorizing the search of his computer and hard drives contained false statements of fact. (Filing 41.) On April 21, 2014, Defendant filed a motion to suppress. (Filing 46.) On May 21, 2014, the undersigned found that Defendant had made a preliminary showing that the July 20, 2011 affidavit contained statements which were knowingly and intentionally false, or made with reckless disregard for the truth. (Filing 53.) Accordingly, a *Franks* hearing and hearing on Defendant's motion to suppress was set for July 2, 2014. The hearing ultimately took place on September 30, 2014.

## DISCUSSION

**I.    Franks Hearing**

To void a search warrant under *Franks v. Delaware*, 438 U.S. 154 (1978), a defendant must show that (1) the affiant included in the warrant affidavit a false statement knowingly and intentionally, or with reckless disregard for the truth, and (2) the affidavit's remaining

content is insufficient to establish probable cause.

Defendant contends a *Franks* violation occurred because the affidavit presented in support of the warrant for the search of his computer incorrectly stated that Fulton informed Bryne that Defendant had time to download videos to his computer following the assault. Bryne admits that this statement was inaccurate, but asserts that the sentence was inadvertently left in the affidavit. Bryne claims that the misstatement was due to a revision error which resulted from his drafting of multiple affidavits over the course of a few days.

The undersigned finds that Defendant has not shown a *Franks* violation. Defendant has not shown that Bryne knowingly and intentionally, or with reckless disregard for the truth, included a misstatement in the affidavit. Bryne's testimony that the sentence was left in the affidavit by mistake is credible, and likely the result of a revision error. In any event, the affidavit contains other statements which would provide probable cause to issue the warrant. In particular, Fulton's statement that Defendant previously recorded sex acts and transferred the recordings to a computer.

## II. Motion to Suppress

Defendant requests that the Court suppress any and all evidence obtained from the seizure of his Sony camcorder on July 16, 2011, and all evidence seized from his residence on July 20, 2011, to include a "SpeedTech (sic) 500 GB external hard drive, E-Machine (sic) PC tower, SanDisk media card, Lexar 128 MB media card, 35 homemade compact discs from upstairs by computer, and 42 homemade compact disks from living room." ([Filing 46](#).)

In support of his motion, Defendant argues that (1) extensive searches of his computer and camcorder were unlawfully conducted before law enforcement obtained a warrant; (2) the affidavit used to secure the warrant which resulted in the seizure of Defendant's computer equipment contained false statements; (3) the searches of his computer exceeded the scope of authority granted in the search warrant; and (4) the search and seizure of his and his then-wife's private videos invaded their constitutional right to privacy in the conduct of their intimate relations. ([Filing 46](#).)

The motion to suppress should be denied. First, with respect to Defendant's assertion that his computer was searched before a warrant was retained, the Court finds no credible evidence to support this claim. Although it appears that Defendant's computer was accessed on July 19, 2011 (while Defendant was in custody), there is no evidence that it, in fact, was the police who accessed the computer. The residence was not maintained as a crime scene and Defendant's brother had access to the home. In other words, there is no credible evidence that the police accessed Defendant's computer before obtaining a warrant.

Second, although the affidavit submitted in support of the search warrant issued on July 20, 2012, contained a misstatement, this circumstance does not render the warrant invalid. As explained previously, there is no indication that the misstatement was made knowingly, or with reckless disregard for the truth. Moreover, even in the absence of this statement, there was probable cause for issuance of the warrant.

Third, the search of Defendant's computer did not exceed the scope of the warrant. The warrant authorized law enforcement to search Defendant's computer and hard drives for photos and videos involved in Fulton's sexual assault. In support of the warrant, Bryne averred that a portion of the assault took place in the bedroom, and that a camcorder located in the bedroom had been seized. Bryne also stated that, in the past, sexual relations had been filmed with the camera and uploaded to Defendant's computer. Murphy was given directions to search the computer and hard drives for photos and videos related to the assault. The only computer program used by the Beatrice Police Department to search for such materials is Fast Scan, which automatically compares all photos or videos to a database of known child pornographic images. Contrary to Defendant's assertion, the use of Fast Scan actually limited the scope of the research because, had it not been used, Murphy would have had to view every photo and video on the computer individually. Therefore, there is no merit to Defendant's claim that the search exceeded the scope of the warrant.

Finally, the search and seizure of Defendant's private videos did not violate his Fourth Amendment rights. Defendant concedes, solely for purposes of his motion to suppress, that some of the videos may have been made when Defendant's ex-wife was under the age of 18. Defendant asserts, however, that married couples are entitled to the constitutionally protected right to privacy in the conduct of their intimate relations, and that the videos must be

4

excluded as their seizure was an unconstitutional invasion of privacy. Defendant's argument finds no support in the law. Section 2251, under which Defendant is charged, does not make marriage a defense to the production of child pornography. 18 U.S.C. § 2251. The Eighth Circuit has declared that "sexually explicit materials involving persons under the age of 18 enjoy no constitutional protection." *United States v. Wilson*, 565 F.3d 1059, 1067 (8th Cir. 2009). Therefore, Defendant's argument for suppression based on an alleged violation of his constitutional rights fails.

Accordingly,

**IT IS HEREBY RECOMMENDED** to Senior District Court Judge Joseph Bataillon that Defendant's motion be denied.

A party may object to a magistrate judge's order by filing an objection within fourteen (14) days after being served with a copy of the findings and recommendation. Failure to timely object may constitute a waiver of any objection.

**DATED November 24, 2014.**

                                      **BY THE COURT:**

                                      **S/ F.A. Gossett**
                                      **United States Magistrate Judge**