IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>   v.<br><br>JOSEPH BUTTERCASE,<br><br>              Defendant. | 8:12CR425<br><br>**MEMORANDUM AND ORDER** |

      This matter is before the Court on the objections, Filing No. 67, of the defendant to the findings and recommendation of the magistrate judge, Filing No. 66, denying defendant's motion to suppress, Filing No. 46. The government indicted defendant for child pornography in violation of 18 U.S.C. § 2251(a); transportation of child pornography, 18 U.S.C. § 2252A(a)(1); and possession of child pornography, 18 U.S.C. § 2252A(a)(5)(B). Filing No. 1. The magistrate judge recommended that the defendant's motion to suppress be denied. Pursuant to 28 U.S.C. § 636(b)(1)(A), the court has conducted a de novo determination of those portions of the F&R to which the defendant objects. *United States v. Lothridge*, 324 F. 3d 599, 600-01 (8th Cir. 2003). The court has reviewed the entire record including the transcript of the suppression hearing and the *Franks* hearing and determines it will adopt the findings and recommendation of the magistrate judge in its entirety.

      The court accepts the facts set out in the F&R and they need not be repeated here, except to the extent necessary to this court's findings. In summary, Tessa Fulton contacted the Beatrice Police Department alleging she had been sexually and physically assaulted by the defendant at his home. Ms. Fulton indicated to the investigators that in the past the defendant recorded sexual acts of them on previous occasions and then uploaded them to a computer. A judge approved a search warrant and a camcorder was retrieved. It

appeared to have a missing memory card.  A second warrant was issued for the computer and any photographs.  During the search, the officers found child pornography using a program called Fast Scan.  The government then indicted the defendant, and defendant filed a motion for a *Franks* hearing.  *Franks v. Delaware,* 438 U.S. 154 (1978).  Defendant asserted that the affidavit used to secure the warrant authorizing the search of his computer and hard drives contained false statements of fact.  Filing No. 41; Filing No. 61.  He also filed a motion to suppress, Filing No. 46.  The magistrate judge made a preliminary finding that the defendant sufficiently alleged that the statements made by the officers in the affidavit were knowingly and intentionally false, or made with reckless disregard for the truth.  Filing No. 53.

The magistrate judge, following a hearing, concluded that the defendant's contentions during the *Franks* hearing and his motion to suppress were without merit. Defendant objects to the findings and recommendation of the magistrate judge arguing: (1) the victim told the officers that defendant would not have had time to download any video of the sexual assault before they left the residence together, and that she made no statements justifying the seizure of the computer; (2) the officer made a false statement in the affidavit; (3) the computer was searched before Officer Byrne submitted his affidavit to the judge; (4) Officer Byrne told Officer Murphy to search the computer hard drives for sexual escapades and photos or videos, even though the warrant was for information and evidence regarding the sexual assault; (5) there was no video on the camcorder to justify searching and seizing the computer; (6) there was a *Frank's* violation; (7) there existed no probable cause to search, even without the false statement in the warrant; and (8) that there is a marriage defense if the victim is underage.

<u>A.  Franks Hearing</u>

The magistrate judge conducted a *Franks* hearing on September 30, 2014. To void a search warrant under *Franks,* 438 U.S. 154, a defendant must show that (1) the affiant included in the warrant affidavit a false statement knowingly and intentionally, or with reckless disregard for the truth, and (2) the affidavit's remaining content is insufficient to establish probable cause. There was a statement in the affidavit that Ms. Fulton informed Officer Bryne that defendant had time to download videos to his computer following the assault. Officer Byrne admitted at the hearing that this statement was inaccurate, but it was inadvertently left in the affidavit. He indicated to the court that it was a revision error due to multiple drafts of the affidavits. The magistrate judge concluded, and this Court agrees, that there is no *Franks* violation. There was no showing that this statement was knowingly and intentionally inserted or done with a reckless disregard for the truth. The magistrate judge found Officer Bryne credible when he stated this was a revision error. In the alternative, the magistrate judge determined that the affidavit contained sufficient other statements which provided probable cause to issue the warrant. The Court agrees in all regards with the findings and conclusions of the magistrate judge and adopts them in their entirety.

### B.   Motion to Suppress

Defendant asks the Court to suppress all evidence from his Sony camcorder and from his residence, including a "SpeedTech (sic) 500 GB external hard drive, E-Machine (sic) PC tower, SanDisk media card, Lexar 128 MB media card, 35 homemade compact discs from upstairs by computer, and 42 homemade compact disks from living room." Filing No. 46. The magistrate judge determined that there is no evidence that the police accessed defendant's camcorder prior to obtaining a warrant; the warrant is not invalid because of a misstatement in the affidavit, as previously discussed herein; and the search did not exceed the warrant which permitted a search for pictures and videos related to the assault, as the

program Fast Scan views all of these pictures.  The magistrate judge concluded that had the police viewed these without Fast Scan, they would have discovered the pictures and videos in any event; and last, the fact that defendant and his wife were married gives him no defense if she is underage.  *See e.g.*, United States v. Wilson, 565 F.3d 1059, 1067 (8th Cir. 2009).  The Court has carefully reviewed the findings and recommendation and each objection filed by the defendant.  The Court finds the magistrate judge is correct in all respects and adopts the findings and recommendation in all respects.

THEREFORE, IT IS ORDERED THAT:

1. Defendant's motion to suppress, Filing No. 46, is denied;

2. Defendant's objections, Filing No. 67, are overruled;

3. The findings and recommendation of the magistrate judge, Filing No. 66, is adopted in its entirety.

Dated this 19th day of December, 2014

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge

4