IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:12CR425 |
| vs. | |
| JOSEPH BUTTERCASE, | MEMORANDUM AND ORDER |
| Defendant. | |

This matter is before the Court on defendant's request for return of property. Filing No. 112. During the execution of a search warrant in 2011, various items of technological equipment were seized from the defendant's home. The defendant has requested the return of his property pursuant to Fed. R. Crim. P. 41(g). This Court originally denied the defendant's motion as the property contained child pornography and was not subject to return. Filing No. 124. The defendant filed a motion for reconsideration and an affidavit from an informational technology specialist alleging that the hard drives and memory can be completely erased.[1] Filing No. 125. The government opposed the release of the defendant's property, arguing that the hard drives cannot be fully erased, and the defendant forfeited his right to the property once it was used for a criminal purpose. Filing No. 128. Defendant then filed a motion for an evidentiary hearing, which the government opposed. Filing Nos. 130, 134.

---

[1] The specialist holds an associate degree in Information Technology with an emphasis in Networking, has worked with personal computers for five years, and has been employed with IT Computers in Lincoln, Nebraska for three years. Filing No. 125, Tr. at 4.

1

In 2011, a woman contacted the Beatrice Police Department alleging she had been sexually and physically assaulted by the defendant at his home. During the investigation, she told the police that the defendant had recorded sexual acts of them on previous occasions and uploaded them to a computer. A judge approved a search warrant and a camcorder was retrieved. A second warrant was issued and executed for the computer and any photographs. The government brought the Indictment against the defendant alleging three counts of production, interstate transport, and possession of child pornography. After pleading guilty to the production and interstate transport of obscene material for distribution in 2016, the defendant was sentenced to 36 months of imprisonment to run consecutively to the sentence imposed by the State of Nebraska.

The defendant now requests the return of the property that was seized during the execution of the search warrants. Specifically, he requests:

    A. One SanDisk media card (Item 20);

    B. One Sony camcorder with case (Item 34);

    C. One camcorder tripod and case (Item 35);

    D. One SanDisk media card (Item 37);

    E. One Lexar media card (Item 38);

    F. 35 compact discs (Item 39);

    G. 42 compact discs (Item 40);

    H. One Green web belt (Item 5);

    I. 5 DVD's with SanDisk media card containing videos from camcorder hard drive, stored in media storage (Item 32);

    J. Emachine PC computer Tower and cord (Item 36); and,

K. Speed Tech 500 GB external hard drive with cords (Item 42).

After being reviewed by the Beatrice Police Department, the government asserts that items A-H may be returned to defendant as they do not contain contraband. Items I-K, however, presently contain child pornography. Filing No. 134.

"'Generally, a [Rule 41(g)] motion is properly denied if the defendant is not entitled to lawful possession of the seized property, the property is contraband or subject to forfeiture or the government's need for the property as evidence continues.'" *See United States v. Vanhorn*, 296 F.3d 713, 719 (8th Cir. 2002) (quoting *United States v. Mills*, 991 F.2d 609, 612 (9th Cir. 1993)). In this instance, the 5 DVD's, Emachine PC computer Tower, and Speed Tech external hard drive all contain contraband. The defendant asserts that the contraband can be permanently removed and sanitized. The government, however, asserts that it cannot.

Both parties rely on National Institute of Standards and Technology, Special Publication 800-88 Rev. 1 ("Special Publication") to support their arguments. While the Special Publication does support the defendant's argument that there are several ways to dispose of the contraband, the underlying theme of the Special Publication is that nothing is certain. *See* National Institute of Standards and Technology, Special Publication 800-88 Rev. 1 at 25 (noting that the only certain way to erase media may be complete physical destruction of the entire machine or piece of equipment). The Special Publication also points out the importance of recognizing who the equipment will belong to next. If in the wrong hands, the sanitized data may be restored. *See id.* at 8 (stating that those with "extensive capabilities" may be able to recover data even after proper

sanitization). It is clear that, even after proper sanitization, there is the chance that the defendant could recover the contraband stored on the equipment.

THEREFORE, IT IS ORDERED THAT:

1. The defendant's motion for reconsideration is granted in part and denied in part (Filing No. 125).

2. The defendant's motion for an evidentiary hearing is denied (Filing No. 130).

3. The following items shall be returned to the defendant:

    A. One SanDisk media card (Item 20);

    B. One Sony camcorder with case (Item 34);

    C. One camcorder tripod with case (Item 35);

    D. One SanDisk media card (Item 37);

    E. One Lexar media card (Item 38);

    F. 35 compact discs (Item 39);

    G. 42 compact discs (Item 40); and,

    H. One Green web belt (Item 5).

4. The remaining items listed in the defendant's motion for reconsideration (Filing No. 125) shall not be returned as they contain contraband.

Dated this 16th day of July, 2020.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge